IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 26-cv-02585-RTG

ANYIE DARIELYS RANGEL GUTIERREZ, by and through next friend HUGO FERNANDEZ SANCHEZ,

Applicant,

v.

JUAN BALTAZAR, Warden, Denver Contract Detention Facility (Aurora Ice Processing Center),
GEORGE VALDEZ, Field Office Director, Enforcement and Removal Operations, Denver Field Office, U.S. Immigration and Customs Enforcement,
TODD M. LYONS, Acting Director, U.S. Immigration and Customs Enforcement, and
MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security,

Respondents.

---

**ORDER**

---

Applicant is being held at an immigration detention facility in Aurora, Colorado. On June 11, 2026, Applicant submitted for filing a Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (ECF No. 1). The same day, the Court entered an Order Directing Petitioner to Cure Deficiency (ECF No. 3). In that order, the Court directed Applicant to file an amended pleading using the District of Colorado Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 form.

On June 22, 2026, Applicant submitted an Election Concerning Consent/Non-Consent to United States Magistrate Judge Jurisdiction (ECF No. 4). On July 17, 2026, the Court entered a Minute Order (ECF No. 5) noting that Applicant had not cured the

deficiency specified in the Order Directing Petitioner to Cure Deficiency and giving her additional time to do so. The Court reiterated that Applicant must file an Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 using the District of Colorado form.

On July 27, 2026, Hugo Fernandez Sanchez submitted on Applicant's behalf an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 6). According to Hugo Fernandez Sanchez, he maintains "a close, significant relationship with the Applicant as her trusted friend," he is "acting sincerely in her best interests to protect her constitutional and civil rights," and "Applicant is currently unable to sign or file this Petition on her own behalf because she is involuntarily physically confined in federal immigration custody . . . with severely restricted access to legal materials and court mailing systems." (*Id.* at p.18.)

"An application for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf." 28 U.S.C. § 2242. But "next friend" standing under § 2242 is not "granted automatically to whomever seeks to pursue an action on behalf of another." *Whitmore v. Arkansas*, 495 U.S. 149, 163 (1990). There are two requirements that must be met to have standing to litigate a habeas corpus action on behalf of another person under § 2242.

> First, a "next friend" must provide an adequate explanation - such as inaccessibility, mental incompetence, or other disability - why the real party in interest cannot appear on his own behalf to prosecute the action. Second, the "next friend" must be truly dedicated to the best interests of the person on whose behalf he seeks to litigate.

*Id*.

Here, even assuming Hugo Fernandez Sanchez is truly dedicated to the best interests of Applicant, he fails to demonstrate Applicant is unable to sign and submit her own application. The original Petition in this action was signed by Applicant, and Applicant may obtain the proper form from the Court or from the facility in which she is being held. The Court notes that numerous other detainees at the same facility have filed habeas corpus actions *pro se*.

For these reasons, Hugo Fernandez Sanchez may not prosecute this action as Applicant's next friend. Applicant will be given one more opportunity to cure the deficiencies by filing an amended pleading using the District of Colorado Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 form that she signs herself. The Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 6) signed and filed by Hugo Fernandez Sanchez will be stricken.

Accordingly, it is

ORDERED that Applicant shall have up to and including September 17, 2026, to cure the deficiency in this action by filing an amended pleading using the District of Colorado Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 form that she signs herself. It is

FURTHER ORDERED that the action will be dismissed without further notice if Applicant fails to cure the deficiency within the time allowed. It is

FURTHER ORDERED that the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 6) signed and filed by Hugo Fernandez Sanchez is STRICKEN.

DATED August 17, 2026.

BY THE COURT:

Richard T. Gurley
United States Magistrate Judge